JOSEPH T. MCNALLY
Acting United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
COLIN S. SCOTT (Cal. Bar No. 318555)
AMANDA B. ELBOGEN (Cal. Bar No. 332505)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3159/5748
    Facsimile: (213) 894-0141
    E-mail:   colin.scott@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Zheng et al.,<br><br>    Defendant. | No. 24-CR-00761<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** March 18, 2025 (Defendants Wang, Liu, Lin, Hoffman, Rosales, Gomez, and Liufu,) March 25, 2025 (Andy Estuardo Castillo Perez)<br>**PROPOSED TRIAL DATE:** December 8, 2025 |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Colin S. Scott and Amanda B. Elbogen, and defendants Hexi Wang (#2), Jin Liu (#3), Dong Lin (#4), Daniel Acosta Hoffman (#5), Jesse James Rosales (#6), Andy Estuardo Castillo Perez (#7), Marck Anthony Gomez (#8), and

Galvin Biao Liufu (#9) ("defendants"), both individually and by and through their counsel of record hereby stipulate as follows:

1. The Indictment in this case was made public on January 24, 2025. Defendants Hexi Wang (#2), Jin Liu (#3), Dong Lin (#4), Daniel Acosta Hoffman (#5), Jesse James Rosales (#6), Marck Anthony Gomez (#8), and Galvin Biao Liufu (#9) first appeared before a judicial officer of the court in which the charges in this case were pending on January 24, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 4, 2025.

2. Defendant Andy Estuardo Castillo Perez (#7) first appeared before a judicial officer of the court in which the charges case were pending on January 29, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 9, 2025.

3. Defendant Weijun Zheng is a fugitive.

4. On January 24, 2025, the Court set a trial date of March 18, 2025 for Hexi Wang (#2), Jin Liu (#3), Dong Lin (#4), Daniel Acosta Hoffman (#5), Jesse James Rosales (#6), Marck Anthony Gomez (#8), and Galvin Biao Liufu (#9).

5. On January 29, 2025, the Court set a trial date of March 25, 2025 for Andy Estuardo Castillo Perez (#7).

6. Defendants Hexi Wang (#2), Jin Liu (#3), Dong Lin (#4), Daniel Acosta Hoffman (#5), Jesse James Rosales (#6), Andy Estuardo Castillo Perez (#7), Marck Anthony Gomez (#8), and Galvin Biao Liufu (#9) are released on bond. The parties estimate that the trial in this matter will last approximately fourteen days. All defendants are joined for trial and a severance has not been granted.

7. By this stipulation, defendants move to continue the trial date to December 8, 2025. This is the first request for a continuance.

8. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendants Hexi Wang (#2), Daniel Acosta Hoffman (#5), Jesse James Rosales (#6), Andy Estuardo Castillo Perez (#7), and Marck Anthony Gomez (#8) are charged with a violation of 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 549: Breaking Custom Seals; and 18 U.S.C. § 545: Smuggling. Defendants Jin Liu (#3) and Dong Lin (#4) are charged with a violation of 18 U.S.C. § 371: Conspiracy. Discovery in this complex case is voluminous. The government is negotiating the entry of a protective orders with defendants in this case for the provision of discovery to defendants. This data includes approximately over 4,000 files, which includes investigatory reports, search warrants, and as well as audio and video files. The government has made discovery available to all defense counsel for inspection, and is currently working to transfer the voluminous discovery to the defendants that have agreed to the Court's protective order in this case.

   b. Due to the nature of the prosecution and the number of defendants including the charges in the indictment and the voluminous discovery produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

   c. Defense counsel represent that they have various substantive obligations between now and the current trial date, which necessitate the continuance of the trial to December 8, 2025. The list of obligations for defense counsel is attached hereto as Appendix A and is incorporated as if fully set forth herein.

   d. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

   f. The government does not object to the continuance.

   g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  9. For purposes of computing the date under the Speedy Trial Act by which Defendants Hexi Wang (#2), Jin Liu (#3), Dong Lin (#4), Daniel Acosta Hoffman (#5), Jesse James Rosales (#6), Marck Anthony Gomez (#8), and Galvin Biao Liufu (#9) trial must commence, the

4

parties agree that the time period of March 18, 2025 to December 8, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. For purposes of computing the date under the Speedy Trial Act by which Defendant Andy Estuardo Castillo Perez (#7) trial must commence, the parties agree that the time period of March 25, 2025 to December 8, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely

to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

11. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: February 14, 2025                Respectfully submitted,

                                        JOSEPH T. MCNALLY
                                        Acting United States Attorney

                                        DAVID T. RYAN
                                        Assistant United States Attorney
                                        Chief, National Security Division


                                              /s/
                                         COLIN S. SCOTT
                                        AMANDA B. ELBOGEN
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

6

1 | I am Hexi Wang's attorney. I have carefully discussed every
2 | part of this stipulation and the continuance of the trial date with
3 | my client. I have fully informed my client of his Speedy Trial
4 | rights. To my knowledge, my client understands those rights and
5 | agrees to waive them. I believe that my client's decision to give up
6 | the right to be brought to trial earlier than March 18, 2025 is an
7 | informed and voluntary one.

_____    2/12/25
ADAM H. BRAUN                            Date
Attorney for Defendant
Hexi Wang

12 | I have read this stipulation and have carefully discussed it
13 | with my attorney. I understand my Speedy Trial rights. I voluntarily
14 | agree to the continuance of the trial date, and give up my right to
15 | be brought to trial earlier than March 18, 2025. I understand that I
16 | will be ordered to appear in Courtroom 9A of the Federal Courthouse,
17 | 350 W. 1st Street, Los Angeles, California on December 8, 2025 at
18 | 8:30 a.m.

_____    2/12/25
Hexi Wang                                Date
Defendant

7

1  I am Jin Liu's attorney. I have carefully discussed every part
2  of this stipulation and the continuance of the trial date with my
3  client. I have fully informed my client of his Speedy Trial rights.
4  To my knowledge, my client understands those rights and agrees to
5  waive them. I believe that my client's decision to give up the right
6  to be brought to trial earlier than March 18, 2025 is an informed and
7  voluntary one.

_____   2/13/2025
ROBERT C. HSU                        Date
Attorney for Defendant
Jin Liu

12  I have read this stipulation and have carefully discussed it
13  with my attorney. This agreement has been read to me in Mandarin,
14  the language I understand best, and I have carefully discussed every
15  part of it with my attorney. I understand my Speedy Trial rights. I
16  voluntarily agree to the continuance of the trial date, and give up
17  my right to be brought to trial earlier than March 18, 2025. I
18  understand that I will be ordered to appear in Courtroom 9A of the
19  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
20  December 8, 2025 at 8:30 a.m.

_____   2-13-2025
JIN LIU                              Date
Defendant

**CERTIFICATION OF INTERPRETER**

I, [signature] am fluent in the written and spoken English and Mandarin languages. I accurately translated this entire agreement from English into Mandarin to defendant Liu on this date.

_____  2/13/2025
                             Date

1  I am Dong Lin's attorney. I have carefully discussed every part
2  of this stipulation and the continuance of the trial date with my
3  client. I have fully informed my client of his Speedy Trial rights.
4  To my knowledge, my client understands those rights and agrees to
5  waive them. I believe that my client's decision to give up the right
6  to be brought to trial earlier than March 18, 2025 is an informed and
7  voluntary one.

\_\_\_\_\_R. Darren Cornforth\_\_\_\_\_        \_\_\_\_2-12-25\_\_\_\_
ROBERT DARREN CORNFORTH                      Date
Attorney for Defendant
DONG LIN

12  I have read this stipulation and have carefully discussed it
13  with my attorney. This agreement has been read to me in Mandarin,
14  the language I understand best, and I have carefully discussed every
15  part of it with my attorney. I understand my Speedy Trial rights. I
16  voluntarily agree to the continuance of the trial date, and give up
17  my right to be brought to trial earlier than March 18, 2025. I
18  understand that I will be ordered to appear in Courtroom 9A of the
19  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
20  December 8, 2025 at 8:30 a.m.

_____[signature]_____        \_\_\_2/12/2025\_\_\_
DONG LIN                                     Date
Defendant

10

## CERTIFICATION OF INTERPRETER

I, Simon Yau, am fluent in the written and spoken English and Mandarin languages. I accurately translated this entire agreement from English into Mandarin to defendant Lin on this date.

_____   2/12/2025
                                  Date

1     I am Daniel Acosta Hoffman's attorney. I have carefully
2 discussed every part of this stipulation and the continuance of the
3 trial date with my client. I have fully informed my client of his
4 Speedy Trial rights. To my knowledge, my client understands those
5 rights and agrees to waive them. I believe that my client's decision
6 to give up the right to be brought to trial earlier than March 18,
7 2025 is an informed and voluntary one.

8 _____  February 12, 2025
  RICHARD W. RAYNOR                Date
9 Attorney for Defendant
  Daniel Acosta Hoffman

12     I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights. I voluntarily
14 agree to the continuance of the trial date, and give up my right to
15 be brought to trial earlier than March 18, 2025. I understand that I
16 will be ordered to appear in Courtroom 9A of the Federal Courthouse,
17 350 W. 1st Street, Los Angeles, California on December 8, 2025 at
18 8:30 a.m.

19 _*Daniel Acosta Hoffman*_____  02/12/25
  Daniel Acosta Hoffman            Date
20 Defendant

1  I am Jesse James Rosales's attorney.  I have carefully discussed
2  every part of this stipulation and the continuance of the trial date
3  with my client. I have fully informed my client of his Speedy Trial
4  rights.  To my knowledge, my client understands those rights and
5  agrees to waive them.  I believe that my client's decision to give up
6  the right to be brought to trial earlier than March 18, 2025 is an
7  informed and voluntary one.

8  [signature]                                February 7, 2025
9  IAN MICHAEL WALLACH                        Date
   Attorney for Defendant
10 Jesse James Rosales

12  I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights.  I voluntarily
14 agree to the continuance of the trial date, and give up my right to
15 be brought to trial earlier than March 18, 2025.  I understand that I
16 will be ordered to appear in Courtroom 9A of the Federal Courthouse,
17 350 W. 1st Street, Los Angeles, California on December 8, 2025 at
18 8:30 a.m.

19 [signature]                                2/7/25
20 Jesse James Rosales                        Date
   Defendant

13

1     I am Andy Estuardo Castillo Perez's attorney. I have carefully
2 discussed every part of this stipulation and the continuance of the
3 trial date with my client. I have fully informed my client of his
4 Speedy Trial rights. To my knowledge, my client understands those
5 rights and agrees to waive them. I believe that my client's decision
6 to give up the right to be brought to trial earlier than March 25,
7 2025 is an informed and voluntary one.

*Katherine C. McBroom*           02/13/25

KATHERINE McBroom                  Date
Attorney for Defendant
ANDY ESTUARDO CASTILLO PEREZ

12     I have read this stipulation and have carefully discussed it
13 with my attorney. This agreement has been read to me in Spanish, the
14 language I understand best, and I have carefully discussed every part
15 of it with my attorney. I understand my Speedy Trial rights. I
16 voluntarily agree to the continuance of the trial date, and give up
17 my right to be brought to trial earlier than March 25, 2025. I
18 understand that I will be ordered to appear in Courtroom 9A of the
19 Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
20 December 8, 2025 at 8:30 a.m.

*Andy Castillo* (Feb 13, 2025 20:05 PST)       02/13/2025

ANDY ESTUARDO CASTILLO PEREZ      Date
Defendant

## CERTIFICATION OF INTERPRETER

I, Monica Desiderio, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant Castillo Perez on this date.

_Monica Desiderio_                          02/13/2025
                                                                     Date

I am Marck Anthony Gomez's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than March 18, 2025 is an informed and voluntary one.

*Julia Deixler*                                    2/12/25
Julia Deixler                                      Date
Attorney for Defendant
Marck Anthony Gomez


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 18, 2025.  I understand that I will be ordered to appear in Courtroom 9A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on December 8, 2025 at 8:30 a.m.

*M. Gomez*                                         02/12/2025
Marck Anthony Gomez                                Date
Defendant

16

I am Galvin Biao Liufu's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 18, 2025 is an informed and voluntary one.

_____     2/12/25
Curtis V. Leftwich                    Date
Attorney for Defendant
Galvin Biao Liufu


I have read this stipulation and have carefully discussed it with my attorney. ~~This agreement has been read to me in Mandarin, the language I understand best, and~~ I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 18, 2025. I understand that I will be ordered to appear in Courtroom 9A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on December 8, 2025 at 8:30 a.m.

_____     02/12/2025
Galvin Biao Liufu                     Date
Defendant